JOHN G. HARTMAN ET AL., PLAINTIFFS IN ERROR, V. FERDINAND STREITZ, DEFENDANT IN ERROR.

**Specific Performance:** TRUSTS. In 1865 and 1867 the Home-- stead Society of Dubuque, Iowa, purchased a tract of land adjoining the city of Omaha, and divided the same into lots known as Hartman's addition to Omaha, the title being in J. G. Hartman, as trustee for the members of the society. One B. rendered valuable services as secretary for said society, and in 1867 or 1868 was given lot 32 in said addition as compensation therefor. He took possession of said lot in 1868 and enclosed the same, and retained possession till his death. In 1869 B. died, leaving a will in which he devised said lot to his widow. The will was duly admitted to probate, and afterwards the widow sold and conveyed all her right, title, and interest in said lot to one S., who brought an action against the trustee and his son, who had notice of the transaction before purchasing, to obtain a deed for said lot. *Held,* That S. was entitled to a specific execution of the contract.

ERROR to the district court for Douglas county. Tried below before NEVILLE, J.

*Congdon, Clarkson & Hunt,* for plaintiffs in error.

*E. W. Simeral* and *Geo. W. Doane,* for defendant in error.

MAXWELL, J.

This action was brought by Streitz against the Hartmans to obtain a deed to lot 32 in Hartman's addition to Omaha. It is.

alleged in the petition, in substance, that in January, 1865, and in December, 1867, John I. Redick conveyed to John George Hartman the south-east quarter of the north-west quarter of section 27, in township 15 north, range 13 east, except $1\frac{9}{100}$ acres in the north-west corner thereof, etc.; that said land was conveyed to said Hartman in trust for the members of the Homestead Society of Dubuque, Iowa, and was divided into eighty-four lots and became an addition to Omaha, and it was the duty of said trustee to convey to each member of the society his proportionate share of said lots; that one William Baumer was a member of said society and for some years after its formation secretary thereof, and that in consideration of said services so rendered by said Baumer said society covenanted and agreed with him to convey lot 32 in Hartman's addition to him, and requested said Hartman to execute a deed to Baumer for said lot; that said Hartman failed to execute said deed; that in 1869 Baumer died, leaving a last will and testament in which Nanette Baumer was named as sole devisee, which will was thereafter duly admitted to probate in the county court of Douglas county; that on or about the 10th day of June, 1872, John George Hartman conveyed said lot to his son Christian Hartman, who took it with full knowledge of the rights of Nanette Baumer, the widow of said John Baumer, in said property; that in 1880 Nanette Baumer conveyed all her right, title, and interest in the premises to the defendant in error; that in 1868 Baumer took possession of said lot and fenced and improved the same, and that the devisee and her grantee have been in the notorious exclusive possession thereof for more than twelve years before the commencement of the action. There are other allegations to which it is unnecessary to refer.

The defendants below (plaintiffs in error), in their answer, allege: 1st. That John George Hartman selected said lot 32 as a portion of those he was entitled to as a shareholder in said society; 2d. Plead actual and undisturbed possession for

ten years; 3d. That the action is barred; and, 4th. That the contract is void by the statute of frauds. The court below found the issues in favor of Streitz and entered a decree in his favor. The principal error relied upon in this court is, that the judgment is against the weight of evidence.

There is a direct conflict in the evidence; but in our view a clear preponderance of it sustains the following propositions:

*First.* That William Baumer was secretary of the Homestead Society for a number of years after its organization, and rendered the society valuable services, for which lot 32 was given to him.

*Second.* That he took possession of the lot in 1868 and enclosed the same and retained possession until his death, and, so far as appears, his devisee and her grantee (the defendant in error) have retained the possession till now.

*Third.* That in May, 1870, C. Hartman signed a request and direction to "George Hartman, trustee, * * to execute and deliver a full covenant warranty deed of said lot (32) and block to Nanette Baumer, who is sole executrix of the last will of William Baumer, and the only devisee or heir to his estate." The reason given in said petition is, that "Colonel William Baumer, during his life-time a member of said society, was at the time of his death entitled to a full covenant deed to and of lot 32 of block ... in Hartman's addition to the city of Omaha." This paper is signed by twenty-one members of the Homestead Society, who were the owners of nearly one-half of the eighty-four lots, and it is important as showing that the members of the society, or a very considerable number of them, recognized their obligations to Mr. Baumer and were desirous of fulfilling the contract on their part, and that Christian Hartman knew of and recognized these obligations of the society. He, therefore, is not a *bona fide* purchaser of the lot in question. There are many charges of fraud, to which we do

not deem it necessary to refer, nor will it subserve any good purpose to review the evidence at length. It is evident that justice has been done, and the decree of the court below must be affirmed.

DECREE AFFIRMED.

THE other judges concur.